FILED
United States Court of Appeals
Tenth Circuit

May 16, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK A. BEYER,

　　　　Plaintiff-Appellant,

v.

CAMEX EQUIPMENT SALES AND
RENTALS, INC.,

　　　　Defendant-Appellee.

No. 11-1365
(D.C. No. 1:10-CV-01580-WJM-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

---

Mark A. Beyer appeals the district court's dismissal of his suit against Camex

Equipment Sales and Rentals, Inc. for lack of personal jurisdiction. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Beyer is a Wyoming resident who was employed by Xtreme Oil Field

Trucking, Inc., a Wyoming corporation with its principal place of business in

---

[*]　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

Wyoming. Camex is a Canadian corporation with its principal place of business in Alberta, Canada. In April 2007, Camex sold a certain vehicle for use in oil fields, known as a "bed truck," to Xtreme in Wyoming. In June 2007, the bed truck was being used to move an oil rig in Colorado. Mr. Beyer was injured when he tried to mount the exterior of the bed truck while it was moving and either fell or was pulled beneath the wheels.

Mr. Beyer sued Camex in Colorado for strict product liability, manufacturer's liability based on negligence, and negligence, alleging that Camex failed to make the bed truck reasonably safe for exterior travel at low speed while moving an oil rig and failed to put warnings on the bed truck that it was not safe to ride on the exterior. Camex removed the case to federal court and moved to dismiss for lack of personal jurisdiction. The district court held that it had neither specific jurisdiction nor general jurisdiction over Camex. Analyzing the undisputed facts, the court concluded that there was no specific jurisdiction because Camex did not purposefully direct its activities at Colorado and did not have sufficient minimum contacts with Colorado. The court further concluded that there was no general jurisdiction because Camex did not have continuous and systematic business contacts with Colorado.

Our review of the district court's decision is de novo. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004). Because Colorado's long arm statute is coextensive with the Due Process Clause, *see id.* at 1075, we need only address whether exercising jurisdiction over Camex is constitutionally permissible.

On appeal, Mr. Beyer reasserts his arguments in favor of both specific jurisdiction and general jurisdiction. Regarding specific jurisdiction, he argues that Camex had sufficient minimum contacts with Colorado and reasonably should have anticipated being haled into court there because it was foreseeable that Xtreme would bring the bed truck to Colorado. But we agree with the district court's discussion of foreseeability, particularly its conclusion that foreseeability was insufficient to confer specific jurisdiction over Camex in this case. The decision is consistent with this court's opinions in *Bell Helicopter Textron, Inc., v. HeliQwest International, Ltd.*, 385 F.3d 1291, 1297 (10th Cir. 2004), and *Fidelity and Casualty Co. of New York v. Philadelphia Resins Corp.*, 766 F.2d 440, 446-47 (10th Cir. 1985). Regarding general jurisdiction, Mr. Beyer contends that Camex's business contacts with Colorado were continuous and systematic. Again, however, we agree with the district court's analysis of Camex's contacts with Colorado and its decision that such contacts were insufficient to allow it to exercise jurisdiction over Camex.

Accordingly, for substantially the reasons stated in the district court's order of dismissal dated July 8, 2011, we affirm the dismissal for lack of personal jurisdiction.

Entered for the Court


Monroe G. McKay
Circuit Judge